Davis & Allen vs. Foster.

present interest in the increase of Dice to the heirs of James S. Foster. Nor can such terms be made into a grant. The obvious design of the grantor was to save the controlling power and the interest in the increase to himself, which he might hereafter distribute, or which his legal representatives might distribute.

To construe this instrument into a grant of a present estate in the increase of the negro woman Dice, to the heirs of Jas. S. Foster, would produce the absurdity of supposing the grantor, George S. Foster, intended to give power to those minors to have a partition or sale of each child of the negro woman, Dice, as soon as it was born.

The deed of conveyance then, in the opinion of this court, passed no present estate in the increase of Dice to the children of James S. Foster. Neither the words of the instrument, nor the intent of the parties allow of the passing of any estate in such increase to the grand children of George S. Foster.

The court below declared the law to be, "That under the deed from George S. Foster to Margaret Foster, the plaintiffs cannot have a partition of the slaves, until the death of George S. Foster, or until he orders or authorises a partition." This instruction is wrong in the latter clause of it. It should have stopped at the simple declaration, that the plaintiffs were not entitled to a partition in these slaves. But as the judgment of the court below, was, upon the whole case, for the right party, and as the qualification in the instruction was to the injury of the defendant, who notwithstanding had judgment, the judgment below is affirmed, the other judges concurring.

DAVIS & ALLEN vs. FOSTER.

See Davis & Allen vs. Foster.

## APPEAL from Linn Circuit Court.

RYLAND, J., delivered the opinion of the court.

This case depends upon the one between the same parties, for a partition, which has just been decided by this court.

The decree, therefore, of the court below is affirmed, the other judges concurring.